UNITED STATES DISTRICT COURT
DISTRICT OF MINNESOTA

| | | |
|---|---|---|
| United States of America,<br><br>Plaintiff,<br><br>vs.<br><br>Michael Benjamin Thompson,<br><br>Defendant. | )<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>) | DEFENDANT MICHAEL BENJAMIN THOMPSON'S MOTION TO SUPPRESS STATEMENTS MADE BY DEFENDANT<br><br>Crim. No. 25-Cr-215 (ECT/DLM) |

* * *

Defendant Michael Benjamin Thompson, through his counsel, Daniel L. Gerdts, Esq., respectfully requests the Court to suppress all statements made by Defendant, and any evidence derived from such statements, on the grounds that such statements were obtained in violation of *Miranda v. Arizona*, 384 U.S. 436 (1966), and *Edwards v. Arizona*, 451 U.S. 477 (1981).

The discovery disclosed to date reveals lengthy statements made by Mr. Thompson during the course of interrogations by investigating agents on 24 April 2025. The Government has characterized the primary interrogation as a “non-custodial interview” in its reports, but the totality of the circumstances suggest otherwise. There were essentially two interrogations that day, the first while Mr. Thompson was in handcuffs in the street in front of his residence after he complied with police orders to exit his residence. The second, lasting almost two hours, was in an FBI agent’s vehicle

while his residence was being searched.

At no point did the interrogating agents advise Mr. Thompson of his rights as required by *Miranda*. When, during the primary interrogation, Mr. Thompson made a request for an attorney, the agents changed the subject and pressed on with the questioning.

It is anticipated that there will be two issues for resolution by the Court. The first is whether Mr. Thompson was "in custody" during either interrogation, thereby triggering the requirement that he first be advised of, and voluntarily waive, his rights, as required by *Miranda*. The second is whether his request for counsel was sufficiently clear as to require the cessation of the interrogation.

Counsel for the parties have conferred today by telephone. The Government opposes the relief sought, and will respond appropriately. It is possible that the Government may not have any interest in using Mr. Thompson's statements during the first interrogation. It seems likely that brief witness testimony will be valuable in deciding the first issue regarding whether the interrogations were custodial or not. The second issue, regarding the request for counsel, can probably be decided based on the recording of the interrogation itself. It is anticipated that the Government will introduce the recording as an exhibit, and will have an agent testify. Mr. Thompson also reserves the right to take the stand himself it is appropriate after the Government has put on its case.

Dated: 18 August 2025

Respectfully submitted,

DANIEL L. GERDTS, LAWYER

s/ Daniel L. Gerdts

Daniel L. Gerdts (#207329)
331 Second Avenue South, Suite 705
Minneapolis, MN 55401
612.800.5086