UNITED STATES DISTRICT COURT
DISTRICT OF MINNESOTA
Criminal No. 25-215 (ECT/DLM)

UNITED STATES OF AMERICA,

Plaintiff,

v.

MICHAEL BENJAMIN THOMPSON,

Defendant.

**PLEA AGREEMENT AND SENTENCING STIPULATIONS**

The United States of America and the defendant, Michael Benjamin Thompson, agree to resolve this case on the terms and conditions that follow. This plea agreement binds only the defendant and the United States Attorney's Office for the District of Minnesota (hereinafter "the United States" or "the Government"). This agreement does not bind any other United States Attorney's Office or any other federal or state agency.

1. **Charges**. The defendant agrees to plead guilty to Count 2 of the Indictment, which charges the defendant with Enticement of a Minor, in violation of 18 U.S.C. § 2422(b). The defendant fully understands the nature and elements of the crimes with which he has been charged.

Upon imposition of sentence, the Government agrees to move to dismiss the remaining charges against the defendant contained in the Indictment.

2. **Factual Basis**. The defendant is pleading guilty because he is in fact guilty of Count 2 of the Indictment. In pleading guilty, the defendant

admits the following facts and that those facts establish his guilt beyond a reasonable doubt and constitute relevant conduct pursuant to the United States Sentencing Guidelines:

Starting in December 2024, while the defendant was residing in Minnesota, he met a 14-year-old girl ("Minor Victim 1") through an online communication platform called OmegleMe. Shortly after they first met, Minor Victim 1 informed the defendant that she was under 18 years old and lived in Iowa. The defendant and Minor Victim 1 then began engaging in regular online communications (by text and video chat) that the defendant steered toward sexually explicit topics. For example, the defendant would ask Minor Victim 1 to masturbate while speaking with him, and he would do the same. The defendant would also engage Minor Victim 1 in sexually explicit text messages.

Starting in late December 2024, the defendant told Minor Victim 1 that he would like to meet her in person, and she agreed. During their online conversations, Thompson assured Minor Victim 1 that they would not engage in sexual activities in person because she was underage. On or about December 29, 2024, the defendant drove from Minneapolis, Minnesota to Iowa and visited Minor Victim 1 at her apartment while her mother was at work (Minor Victim 1 having texted him her address). While there, the defendant did in fact engage Minor Victim 1 in various sexual activities including mutual

oral sex and touching each other's genitals. The defendant also attempted to penetrate Minor Victim 1's vagina with his penis. The defendant left and returned to Minnesota after a few hours.

The defendant agrees that his conduct with Minor Victim 1 while in Iowa constituted Sexual Abuse in the Third Degree under Iowa law (Iowa Code § 709.4(1)(b)(2)(d)). He also agrees that the conduct described above amounted to using a facility and means of interstate commerce (the internet/cell phones) to persuade, induce, and entice a minor to engage in sexual activity for which he could be charged with a criminal offense.

The defendant agrees that in committing all the above conduct, he acted knowingly, intentionally, and with the understanding that his actions violated the law.

3. **Waiver of Pretrial Motions**. The defendant understands and agrees that the defendant has certain rights to file pre-trial motions. As part of this plea agreement, and based upon the concessions of the United States within this plea agreement, the defendant knowingly, willingly, and voluntarily gives up the right to have any pending motions resolved and to file any additional pre-trial motions in this case. The defendant agrees that, by pleading guilty, he is withdrawing any motions previously filed.

4. **Waiver of Constitutional Trial Rights.** The defendant understands that he has the right to go to trial. At trial, the defendant would

be presumed innocent, have the right to trial by jury or, with the consent of the United States and of the Court, to trial by the Court, the right to the assistance of counsel, the right to confront and cross-examine adverse witnesses, the right to subpoena witnesses to testify for the defense, the right to testify and present evidence, and the right to be protected from compelled self-incrimination. The defendant understands that he has the right to an attorney at every stage of these proceedings and, if necessary, one will be appointed to represent him. The defendant understands that he has the right to persist in a plea of not guilty and, if he does so, he would have the right to a public and speedy trial. By pleading guilty, the defendant knowingly, willingly, and voluntarily waives each of these trial rights, except the right to counsel. The defendant understands that a guilty plea is a complete and final admission of guilt and, if the Court accepts the guilty plea, the Court will adjudge the defendant guilty without a trial.

5. **Additional Consequences**. The defendant understands that as a result of this conviction, the defendant could experience additional collateral consequences, such as the loss of the right to carry firearms, the right to vote, and the right to hold public office. If the defendant is not a United States citizen, as a result of a plea of guilty, the defendant may be removed from the United States, denied citizenship, and denied admission to the United States in the future. The defendant has discussed with his attorney the punishments

and consequences of pleading guilty, understands that not all of the consequences can be predicted or foreseen, and still wants to plead guilty in this case.

6. **Sex Offender Registration.** The defendant understands that by pleading guilty, defendant will likely be required to register as a sex offender upon release from prison as a condition of his supervised release pursuant to 18 U.S.C. § 3583(d). The defendant also understands that independent of supervised release, the defendant may be subject to federal, state, and/or tribal sex-offender registration requirements and that those requirements may apply throughout the defendant's life. *See* 18 U.S.C. § 2250, 34 U.S.C. § 20901, *et seq*.

7. **Statutory Penalties**. The defendant understands that Count 2 is felony offense that carries the following statutory penalties:

**a. a mandatory minimum of 10 years in prison;**

b. a maximum of life in prison;

c. a supervised release term of at least five years up to a maximum supervised release term of life;

d. a maximum fine of $250,000;

e. a mandatory special assessment of $100 under 18 U.S.C. § 3013(a)(2)(A); and

f. a mandatory additional special assessment of $5,000 to the Domestic Trafficking Victims' Fund if the defendant is found not to be indigent, pursuant to 18 U.S.C. § 3014.

8. **Guidelines Calculations**. The parties acknowledge that the defendant will be sentenced in accordance with 18 U.S.C. § 3551, *et seq*. Nothing in this plea agreement should be construed to limit the parties from presenting any and all relevant evidence to the Court at sentencing. The parties also acknowledge that the Court will consider the United States Sentencing Guidelines in determining the appropriate sentence. The parties stipulate to the following guidelines calculations:

a. Base Offense Level. The parties agree that the base offense level for Count 2 is **28**. U.S.S.G. § 2G1.3(a)(3).

b. Specific Offense Characteristics. The parties agree to the application of the following specific-offense characteristics, which increase the base offense level as follows:

(1) **2 levels** because the defendant unduly influenced Minor Victim 1 to engage in prohibited sexual conduct. U.S.S.G. § 2G1.3(b)(2)(B);

(2) **2 levels** because the offense involved the use of a computer to persuade, induce, and entice Minor Victim 1 to engage in prohibited sexual conduct. U.S.S.G. § 2G1.3(b)(3)(A); and

(3) **2 levels** because the offense involved the commission of a sexual act and sexual contact. U.S.S.G. § § 2G1.3(b)(4)(A)(i).

The parties agree that no other specific offense characteristics apply.

c. Chapter 3 Adjustments. The parties agree that, other than acceptance of responsibility, no other Chapter 3 adjustments apply.

d. Chapter 4 Adjustments. The parties agree that the defendant's conduct with Minor Victim 1 (including the conduct cited in Counts 1-2 of the Indictment) constituted a pattern of activity involving prohibited sexual conduct, and that **5 levels** are added. U.S.S.G. § 4B1.5(b)(1).

e. Acceptance of Responsibility. The government agrees to recommend that the defendant receive a **2-level** reduction for acceptance of responsibility pursuant to U.S.S.G. § 3E1.1(a). As the defendant has timely notified the government of the defendant's intention to enter a plea of guilty, the government agrees to recommend that the defendant receive an additional **1-level** reduction pursuant to U.S.S.G. § 3E1.1(b). Whether these reductions will be imposed shall be determined by the Court in its discretion. However, the defendant understands and agrees that the government's recommendations are conditioned upon the following: (1) the defendant testifies truthfully during the change of plea and sentencing hearings; (2) the defendant provides full, complete and truthful information to the United States Probation Office in the pre-sentence investigation; and (3) the defendant engages in no conduct inconsistent with acceptance of responsibility before the time of sentencing.

Nothing in this agreement limits the right of the government, pursuant to U.S.S.G. § 3E1.1 and/or § 3C1.1 to seek denial of a reduction for acceptance of responsibility or an adjustment for obstruction of justice should the defendant engage in any conduct inconsistent with acceptance of responsibility.

f. Criminal History Category. The parties believe that, at the time of sentencing, the defendant will fall into Criminal History **Category I.** U.S.S.G. § 4A1.1. This does not constitute a stipulation, but a belief based on an assessment of the information currently known. The defendant's actual criminal history and related status will be determined by the Court based on the information presented in the Presentence Report and by the parties at the time of sentencing. The defendant understands that if the presentence investigation

reveals any prior adult or juvenile sentence or other information which should affect his criminal history under the U.S. Sentencing Guidelines, the defendant will be sentenced based on his true criminal history category, and he will not be permitted to withdraw from this Plea Agreement. U.S.S.G. § 4A1.1.

g. Guidelines Range. If the adjusted offense level is 36, and the criminal history category is I, the Sentencing Guidelines range is **188 to 235 months' imprisonment**.

**The defendant understands that Count 2 carries a mandatory minimum term of 10 years in prison.**

h. Fine Range. If the adjusted offense level is 36, the Sentencing Guidelines fine range is $40,000 to $250,000. U.S.S.G. § 5E1.2(c).

i. Supervised Release. The Sentencing Guidelines acknowledge the statutory requirement that a term of supervised release of no less than five years and up to a life term be imposed, and recommend a lifetime term of supervision for the offense of conviction. U.S.S.G. § 5D1.2; 18 U.S.C. § 3583(k).

9. **Revocation of Supervised Release**. The defendant understands that if the defendant were to violate any supervised release condition while on supervised release, the Court could revoke the defendant's supervised release, and the defendant could be sentenced to an additional term of imprisonment up to the statutory maximum set forth in 18 U.S.C. § 3583(e)(3). *See* U.S.S.G. §§ 7B1.4, 7B1.5. The defendant also understands that as part of any revocation, the Court may include a requirement that the

defendant be placed on an additional term of supervised release after imprisonment, as set forth in 18 U.S.C. § 3583(h).

10. **Discretion of the Court**. The foregoing stipulations are binding on the parties, but do not bind the Court. The parties understand that the Sentencing Guidelines are advisory and that their application is a matter that falls solely within the Court's discretion. The Court will make its own determination regarding the applicable Guidelines factors and the applicable criminal history category. The Court may also vary and/or depart from the applicable Guidelines range. If the Court determines that the applicable guideline calculations or the defendant's criminal history category is different from that stated above, the parties may not withdraw from this agreement, and the defendant will be sentenced pursuant to the Court's determinations.

11. **Agreements as to Sentencing Recommendation**. The parties are free to recommend whatever sentence they deem appropriate. The parties reserve the right to make motions for departures under the Sentencing Guidelines or for variances pursuant to 18 U.S.C. § 3553(a) and to oppose any such motions made by the opposing party. If the Court does not accept the sentencing recommendation of the parties, the defendant will have no right to withdraw his guilty plea.

12. **Special Assessments**. The Guidelines require payment of a special assessment in the amount of $100 for each felony count of which the

defendant is convicted, pursuant to U.S.S.G. § 5E1.3. The defendant agrees to pay the special assessment.

The defendant also understands that the court may impose a special assessment of $5,000 payable to the Domestic Trafficking Victims' Fund, pursuant to 18 U.S.C. § 3014, if the defendant is found not to be indigent.

13. **Restitution: Victim of Offense of Conviction.** The defendant understands and agrees that 18 U.S.C. § 2429 applies and that the Court is required to order the defendant to make restitution to Minor Victim 1 for the full amount of the victim's losses. However, the Government has been informed that Minor Victim 1 does <u>not</u> intend to submit a restitution request, and the Government is not presently aware of any other victims who would be eligible for restitution. In the event that changes, no later than 30 days prior to sentencing, the parties will either file a restitution stipulation or inform the Court of any dispute requiring Court intervention.

The defendant understands that the Court may order restitution if eligible victim losses are identified at the time of sentencing. The defendant agrees that restitution shall be due and payable immediately after the judgment is entered and is subject to immediate enforcement, in full, by the United States. If the Court imposes a schedule of payments, the defendant agrees that the schedule of payments is a schedule of the minimum payment

due, and that the payment schedule does not prohibit or limit the methods by which the United States may immediately enforce the judgment in full.

14. **Disclosure of Assets.** The defendant will fully and completely disclose to the United States Attorney's Office the existence and location of any assets in which the defendant has any right, title, or interest, or over which the defendant exercises control, directly or indirectly, including those assets held by a spouse, nominee or other third party, or any business owned or controlled by the defendant. The defendant agrees to assist the United States in identifying, locating, returning, and transferring assets for use in payment of restitution, fines, and forfeiture ordered by the Court. The defendant agrees to complete a financial statement within two weeks of the entry of his guilty plea. The defendant further agrees to execute any releases that may be necessary for the United States to obtain information concerning the defendant's assets and expressly authorizes the United States to obtain a credit report on the defendant to evaluate the defendant's ability to satisfy financial obligations imposed by the Court. If requested by the United States, the defendant agrees to submit to one or more asset interviews or depositions under oath.

15. **Forfeiture.** The defendant agrees to forfeit to the United States, pursuant to 18 U.S.C. § 2428:

a. any visual depiction described in section 2251, 2251A, 2252, 2252A, 2252B, or 2260 of Chapter 110, United States Code, or any book, magazine, periodical, film, videotape, or other matter which contains any such visual depiction, which was produced, transported, mailed, shipped or received in violation of Chapter 110, United States Code;

b. any property, real or personal, constituting or traceable to gross profits or other proceeds obtained from such offenses; and

c. any property, real or personal, used or intended to be used to commit or to promote the commission of such offenses or any property traceable to such property.

The defendant agrees that the property subject to forfeiture includes the following items seized by law enforcement on or about April 24, 2025:

a. Apple Macbook A2159, serial number FVFZ9AXL404;

b. Apple Macbook A1278, serial number D92G9E00DRJ7 with cracked screen;

c. iPod A2178, serial number F6KGK1EDM939;

d. Google Pixel 7 Pro in black case; and

e. Memorex 64 GB thumbdrive.

The defendant agrees that these items are subject to forfeiture because they were used to commit the offenses described in the Indictment. The United States reserves the right to seek forfeiture of substitute assets and to forfeit additional directly forfeitable property. The defendant waives any right to the return of any digital data contained on the electronic devices that are subject to forfeiture.

The defendant agrees that the United States may, at its option, forfeit such property through civil, criminal or administrative proceedings, waives any deadline or statute of limitations for the initiation of any such proceedings, and abandons any interest the defendant may have in the property. The defendant waives all statutory and constitutional defenses to the forfeiture and waives any right to contest or challenge in any manner (including direct appeal, habeas corpus, or any other means) such forfeiture on any grounds. To the extent the defendant has sought remission or otherwise challenged the forfeiture of the above-described property, the defendant withdraws any such challenges.

16. **Waivers of Appeal and Collateral Attack.** The defendant hereby waives the right to appeal any non-jurisdictional issues. This appeal waiver includes but is not limited to the defendant's waiver of the right to appeal guilt or innocence, any issues relating to the change-of-plea proceedings, the sentence imposed, the Guidelines calculations, any restitution obligations, and the constitutionality of the statutes to which the defendant is pleading guilty. The parties agree, however, that excluded from this waiver is an appeal by defendant of the substantive reasonableness of a term of imprisonment **above 235 months' imprisonment.**

The defendant also waives the right to collaterally attack his conviction and sentence under 28 U.S.C. § 2255 except based upon a claim of ineffective

assistance of counsel. This collateral-review waiver does not operate to waive a collateral challenge under 28 U.S.C. § 2255 based on new legal principles enunciated in Supreme Court case law decided after the date of this Plea Agreement that are both substantive and have retroactive effect. For purposes of this provision, legal principles that are substantive and retroactive are those that narrow the reach of the offense of conviction and render the defendant's conduct non-criminal or that render the sentence imposed illegal.

The defendant has discussed these rights with the defendant's attorney. The defendant understands the rights being waived, and the defendant waives these rights knowingly, intelligently, and voluntarily.

The United States agrees to waive its right to appeal any sentence except the government may appeal the substantive reasonableness of a term of imprisonment **below 188 months' imprisonment**.

17. **FOIA Requests.** The defendant waives all rights to obtain, directly or through others, information about the investigation and prosecution of this case under the Freedom of Information Act and the Privacy Act of 1974, 5 U.S.C. §§ 552, 552A.

18. **Complete Agreement**. This, along with any agreement signed by the parties before entry of plea, is the entire agreement and understanding between the United States and the defendant. By signing this plea agreement, the defendant acknowledges: (a) that the defendant has read the entire

agreement and has reviewed every part of it with the defendant's counsel; (b) that the defendant fully understands this plea agreement; (c) that no promises, agreements, understandings, or conditions have been made or entered into in connection with his decision to plead guilty, except those set forth in this plea agreement; (d) that the defendant is satisfied with the legal services and representation provided by defense counsel in connection with this plea agreement and matters related to it; (e) that the defendant has entered into this plea agreement freely, voluntarily, and knowingly; and (f) that the defendant's decision to plead guilty in accord with the terms and conditions of this plea agreement is made of the defendant's own free will.

JOSEPH H. THOMPSON
Acting United States Attorney

Date: 9/25/25

BY: ____________________
Ruth Shnider
Assistant United States Attorney

Date: 9/25/25

____________________
Michael Benjamin Thompson
Defendant

Date: 25 September 2025

____________________
Daniel Gerdts
Counsel for Defendant