UNITED STATES DISTRICT COURT
DISTRICT OF MINNESOTA
Criminal No. 25-215 (ECT)

UNITED STATES OF AMERICA,

Plaintiff,

v.

MICHAEL BENJAMIN THOMPSON,

Defendant.

**POSITION OF THE UNITED STATES REGARDING SENTENCING**

The defendant, Michael Benjamin Thompson, pleaded guilty to Count 2 of the Indictment, which charges Enticement of a Minor, in violation of Title 18, U.S.C. § 2251(a) and (e). After assessing the offense conduct, Mr. Thompson's history, and the sentencing factors under Title 18, § 3553(a), the government respectfully recommends that the Court sentence Mr. Thompson to a term of imprisonment of 188 months.[1]

## SENTENCING RECOMMENDATION

In *Gall v. United States*, the Supreme Court set forth the appropriate sentencing methodology. 552 U.S. 38, 49–50 (2007). The district court should first calculate the advisory Sentencing Guidelines range. *Id*. at 49. After calculating a defendant's advisory Sentencing Guidelines range and hearing from the parties, the district court must then consider the sentencing factors set forth in 18 U.S.C. § 3553(a) and make an individualized assessment based on the facts in arriving at an

[1] The government acknowledges that it is filing its Position Regarding Sentencing after the date set by the Court. *See* ECF No. 46. The government nevertheless requests that the Court takes the government's Position Regarding Sentencing into consideration when making its determination.

appropriate sentence. *Id.* at 49–50; *see also United States v. Ruvalcava-Perez*, 561 F.3d 883, 886 (8th Cir. 2009) ("In sentencing a defendant, the district court should first determine the appropriate Guidelines range, then evaluate whether a traditional departure is warranted, and finally decide whether or not to impose a guideline sentence after considering all the § 3553(a) sentencing factors.").

## I. Sentencing Guidelines Range

The government agrees with Mr. Thompson's Presentence Investigation Report's ("PSR") sentencing guidelines computations.

The base offense level is 28 because Mr. Thompson is convicted of 18 U.S.C. § 2422(b). *See* U.S.S.G. § 2G1.3(a)(3). The government further agrees that three specific offense characteristics apply. First, a two-level increase applies because Mr. Thompson unduly influenced a minor to engage in prohibited sexual conduct. *See* U.S.S.G. § 2G1.3(b)(2)(B). Second, a two-level increase applies because Mr. Thompson used his phone to persuade, induce, or enticed a minor to engage in prohibited sexual conduct. *See* U.S.S.G. § 2G1.3(b)(3)(A). Third, a two-level increase applies because the offense involved the commission of a sex act or sexual contact. *See* U.S.S.G. § 2G1.3(b)(4)(A)(i).

The government further agrees that a five-level enhancement applies because the offense of conviction is a covered sex crime and the Mr. Thompson engaged in a pattern of activity involving prohibited sexual conduct. *See* U.S.S.G. § 4B1.5(b)(1). Moreover, the offense level should be decreased by three levels because Mr. Thompson has demonstrated acceptance of responsibility for the offense and timely

notified the government of his intention to plead guilty. *See* U.S.S.G. § 3E1.1. The total offense level is therefore 36.

The PSR also correctly determined that Mr. Thompson's criminal history category is I. With a total offense level of 36 and a criminal history category of I, Mr. Thompson's sentencing guidelines range is 188 to 235 months imprisonment.

## II. Section 3553(a) Factors

Section 3553(a) requires the Court to analyze several factors, including "the nature and circumstances of the offense," "the history and characteristics of the defendant," "the need for the sentence to reflect the seriousness of the offense," "the need for deterrence," "the need to protect the public from further crimes of the defendant," and "the need to avoid unwarranted disparities." 18 U.S.C. § 3553(a).

### A. Nature and Circumstances of the Offense

Mr. Thompson enticed a 14-year-old minor victim to send him sexually explicit content of herself multiple times from December 2024 through January 2025. His contact with the minor victim started through the internet application "OmegleMe"—an application that allows strangers to meet and to communicate anonymously. *See* PSR ¶ 14. A notebook seized from Mr. Thompson's apartment contained a passage describing an addiction to Omegle and efforts—spanning days—to find a young girl to "potentially masturbate over cam with[.]" *See* PSR ¶ 21. His conversations with the minor victim shifted to text messaging, which were sexual in nature. *See* PSR ¶ 15. Mr. Thompson eventually traveled across state lines to meet the minor victim in person on December 29, 2024, to engage in sexual activities. This conduct warrants a substantial custodial sentence.

### B. History and Characteristics of the Defendant

Mr. Thompson is a 38-year-old individual who earned certificates in massage therapy and herbalism and has largely been self-employed throughout his adult life. He has little criminal history, including no known custodial history. The instant offense represents Mr. Thompson's first felony conviction.

### C. Deterrence, Respect for the Rule of Law, and Protecting the Public

The offense conduct is serious, and any sentence of imprisonment imposed will be Mr. Thompson's first custodial sentence. However, a 188-month term of imprisonment will meet the seriousness of the offense, deter Mr. Thompson from further offenses, promote his respect for the rule of law, and protect the public from any future criminal sexual conduct committed by him.

## CONCLUSION

The government respectfully recommends that the Court sentence Mr. Thompson to a 188-month term of imprisonment. Such a sentence will be sufficient, but not greater than necessary to meet the sentencing objectives of 18 U.S.C. § 3553(a).

Dated: May 4, 2026

Respectfully Submitted,

DANIEL N. ROSEN
United States Attorney

s/ *Syngen Kanassatega*

BY: SYNGEN KANASSATEGA
Assistant United States Attorney